UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HEATHER DIODENE | ) | CIVIL ACTION NO. 21-491 |
| | ) | |
| VERSUS | ) | SECTION T |
| | ) | JUDGE GREG G. GUIDRY |
| SHERIFF MARLIN N. GUSMAN, ET AL. | ) | |
| | ) | MAGISTRATE (4) |
| | ) | JUDGE KAREN WELLS ROBY |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)**

Plaintiff has sued Sheriff Marlin N. Gusman, Major Chaz Ruiz (incorrectly identified as the Warden of the Orleans Justice Center), Deputy Justin Andrews, and Sergeant Chris Rubio pursuant to 42 U.S.C. § 1983 and § 1988. No defendant has any duty to protect the plaintiff under the Fourteenth Amendment of the United States. As such, this Complaint should be dismissed.

## I.      FACTS

Plaintiff alleges that on or about March 10, 2020, she was working in the Orleans Justice Center as an employee of Wellpath, L.L.C., a contractor of the City of New Orleans which provides medical and mental healthcare to the inmates in the jail. At approximately 9:00 p.m., plaintiff alleges that she noticed Joseph Cooks, an inmate, standing in a restricted area for medical staff only.[1] Despite her instructions to leave the area, she alleges inmate Cooks lunged for plaintiff's I.D. badge and stated "I could kill you right now."[2] Plaintiff alleges she saw no deputies in the general vicinity, but shouted to Deputy Andrews across the cubicles that she needed help.[3]

---

[1] R. Doc. 1 at ¶¶ 14-15.
[2] R. Doc. 1 at ¶ 16.
[3] R. Doc. 1 at ¶ 17.

Plaintiff contends that inmate Cooks proceeded to choke her, causing her to begin to lose consciousness.[4]  Plaintiff says she was dragged around the floor and pushed into a squatted position.[5]  She states that "an unreasonable amount of time" passed before she heard Deputy Andrews and Sergeant Rubio instructing the inmate to let go of the Plaintiff's neck.  After his refusal, she alleges defendants "broke several of Inmate Cooks' fingers to subdue his attack." [6]

The plaintiff alleges that defendants had knowledge that Cooks was a violent offender, and that he was "homicidal and/or suicidal."[7] Plaintiff contends that defendants violated their policies or protocols in dealing with such inmates.  Plaintiff further suggests that all inmates should have been confined to a cell due to an excess number of prisoners to guards.[8]  Plaintiff further alleges that defendants knew that Deputy Andrews "upon information and belief, failed at performing his supervisory duties by leaving his post . . .".[9]

Plaintiff brings various claims, all purportedly Due Process claims under the Fourteenth Amendment.  She has no right to bring these claims, and thus they should be dismissed.

## II.    12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to present a defense of failure to state a claim upon which relief can be granted.  A district court judge may dismiss a complaint on the basis that it fails to state a claim when the defendant has moved to dismiss the complaint under Rule 12(b)(6).  *Ceason v. Holt*, 73 F.3d 600 (5th Cir. 1996). "A claim may be dismissed when a Plaintiff fails to allege any set of facts in support of his claim which will entitle

---

[4] R. Doc. 1 at ¶ 18.
[5] *Id*.
[6] R. Doc. 1 at ¶ 19.
[7] R. Doc. 1 at ¶ 23.
[8] R. Doc. 1 at ¶ 24.
[9] R. Doc. 1 at ¶ 26.

him to relief." *See U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375 (5th Cir. 2003).

When reviewing a motion to dismiss for failure to state a claim, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). Further, while the district court must accept all factual allegations as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Aschcroft*, 556 U.S. at 678; *quoting Twombly*, 550 U.S. at 555. In order for individual capacity claims to survive, causes of action "must be pleaded with 'factual detail and particularity,' not mere conclusory allegations." *Jackson v. Widnall*, 99 F.3d 710, 715-716 (5th Cir. 1996) (*quoting Schultea v. Wood*, 47 F.3d at 1427, 1430 (5th Cir. 1995)).

### III.    LAW AND ANALYSIS

It is undisputed that plaintiff is not an inmate incarcerated at the Orleans Justice Center. Rather, she is an individual who has been hired to work within that jail facility, performing medical services to the inmates in the care of the Orleans Parish Sheriff's Office. Unlike inmates who have the Due Process Rights which she attempts to invoke, the plaintiff was an employee, who accepted a job on the terms she found satisfactory, and who was free to quit whenever she felt it necessary. It is well settled in this Circuit that the plaintiff has no constitutional protection to be protected by the Fourteenth Amendment against private injury.

In *de Jesus Benavides v. Santos*, 883 F.2d 385 (5th Cir. 1989), the Fifth Circuit addressed the issue of "whether those who, in the course of their duties as local jail detention officers, are injured by jail inmates attempting to escape, have a section 1983 claim against the government

officials in charge of the jail where the injury would not have occurred but for those officials' callous indifference or grossly negligent failure to prevent, or to adequately guard against, or to protect those injured from, the escape and accompanying inmate violence." *Id*. at 387. Citing the then-recent decision of the Supreme Court in *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), the Court emphasized that the "Constitution is a charter of negative liberties, and that the Fourteenth Amendment was intended 'to protect the people from the State, not ensure that the State protected them from each other.'" Id., (*quoting DeShane,* 109 S.Ct. at 1003). As the Court noted in *Deshaney*, "[a]s a general matter . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney,* 109 S.Ct. at 1004.

The Fifth Circuit that the *DeShaney* decision was a confirmation of the rationale reached in similar cases in the Fifth, Seventh, and D.C. Circuits. The Court referenced *Hogan v. City of Houston*, 819 F.2d 604 (5th Cir. 1987), in which it held that "[t]he City's failure to redress the patent but possibly severe defects in [the plaintiff's] workplace [cannot be viewed] as an abuse of government power" after a prisoner was allowed to grab a jail officer's gun and shoot the plaintiff. *Id*. at 605. Likewise, the D.C. and Seventh Circuits reached the same result in appeals in which inmates had killed or injured prison workers and § 1983 claims were brought and subsequently dismissed. In *Washington v. District of Columbia*, 802 F.2d 1478, 1479 (D.C.Cir.1986), and in *Walker v. Rowe*, 791 F.2d 507, 509 (7th Cir.), cert. denied, 479 U.S. 994, 107 S.Ct. 597, 93 L.Ed.2d 597 (1986), the Courts found that "while the procedures adopted in both of the involved prisons were undoubtedly inadequate, both courts held that the reckless failure of state officials to remedy  unsafe prison conditions did not deprive a prison guard of an

interest protected by the Fourteenth Amendment." *De Jesus Benavides,* 883 F.2d at 387-88 (citing *Washington and Walker, supra*).

The Fifth Circuit correctly noted that "Section 1983 does not federalize tort law. While reckless or grossly negligent conduct by government officials in charge of prisons may cause injury to prison guards by third persons, a claim against the officials on that basis falls 'squarely within traditional state tort law.'" *de Jesus Benavides*, 883 F.2d at 388 (*quoting Washington*, 802 F.2d at 1480). "Although these cases seem to present an anomaly in that they appear to afford greater protection to prisoners than to prison guards, the affirmative duty to protect a prisoner (as well as a mental patient or other incarcerated person) arises only because of and 'when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself.'" *de Jesus Benavides,* 883 F.2d at 388 (quoting DeShaney, 109 S.Ct. at 1005).

Contrasted with inmates, the plaintiff is one of many "employees who 'enlisted, on terms they found satisfactory, and [who] were free to quit whenever they pleased.'" *de Jesus Benavides,* 883 F.2d at 388 (*quoting Washington*, 802 F.2d at 1482; Walker, 791 F.2d at 511). The Fifth Circuit stressed the voluntary nature of employment in this consideration, noting that it had applied the same rationale in *Rankin v. City of Wichita Falls*, Texas, 762 F.2d 444 (5th Cir.1985), when it noted that the plaintiffs' decedent's "association with the [defendant city's] treatment plant is not alleged to have been any less voluntary than his relationship with a private employer would have been." *Id*., 762 F.2d at 449. It should be noted that jurisprudence is not exclusive to jail environments. In *Walton v. Alexander*, 44 F.3d 1297 (5th Cir. 1995), the  Fifth Circuit has held that a School Superintendent had no "special relationship" or constitutional duty to protect a deaf student from a sexual assault and violence at the hands of another student, and

thus concluded that the alleged failure to protect did not violate the due process clause of the Fourteenth Amendment. *Id*.

## IV.  CONCLUSION

The plaintiff is indisputably a private citizen, who voluntarily sought employment and was employed by Wellpath to work in the Orleans Justice Center.  She was free to depart such employment at any time which she felt necessary.  Her attempt to invoke the constitutional protections owed to inmates - those subject to the exercise of the State's power intended to restrain her liberty such that it renders one unable to care for herself – is without merit under the clearly established principles set forth in *DeShaney* and carried forth in this Circuit in *de Jesus Benavides* and its progeny.

For the reasons set forth in this Memorandum, the defendants' Motion should be granted and all claims against the defendants should be dismissed, with prejudice, and at plaintiff's cost.

<div style="margin-left:40%">

Respectfully submitted,
**ORLEANS PARISH SHERIFF'S OFFICE**

*/s/Blake J. Arcuri*
Blake J. Arcuri (LSBN 32322)
Laura C. Rodrigue (LSBN 30428)
Freeman R. Matthews (LSBN 9050)
2800 Perdido St.
New Orleans, LA 70119
Telephone: 504.493.2107; Fax: 504.202.9454
arcurib@opso.us; rodriguela@opso.us
*Counsel for Sheriff Gusman, Major Ruiz, Sergeant Rubio, and Deputy Andrews*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of March, 2021, I have served this pleading upon counsel of record via the EM/CMF system.

<div style="margin-left:40%">

*/s/ Blake J. Arcuri*

</div>