UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HEATHER DIODENE** | ) | **CIVIL ACTION NO.: 21-491** |
| | ) | |
| **VERSUS** | ) | **SECTION: T** |
| | ) | **JUDGE GREG G. GUIDRY** |
| **SHERIFF MARLIN N. GUSMAN, ET AL.** | ) | |
| | ) | |
| | ) | **MAGISTRATE (4)** |
| | ) | **JUDGE KAREN WELLS ROBY** |

**PLAINTIFF'S SECOND SUPPLEMENTAL AND AMENDING COMPLAINT**

**NOW INTO COURT,** through undersigned comes HEATHER DIODENE ("Ms. Diodene" or "Plaintiff"), who files her Second Supplemental and Amending Complaint and states as follows:

**I.**

The reasserts and reavers all those allegations and claims set forth in paragraphs 1 thru 57 of her original complaint and her first supplemental and amending complaint

**II.**

By supplementing and amending paragraph 2 of her original complaint to now read as follows:

2.

This action is brought pursuant to 42 U.S.C sec. 1983, based on the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S. \C. sec. 1988. Jurisdiction is founded on 28 U.S.C. sec. 1331, and the aforementioned statutory and constitutional provisions. Plaintiff also invokes supplemental jurisdiction over claims

1

Under state constitutional and statutory law pursuant to 28 U.S.C. sec. 1367

**III.**

By adding a Fifth Cause of Action to follow paragraph 57 to read as follows:

**<u>FIFTH CAUSE OF ACTION</u>**

58.

The Plaintiff reasserts and reavers each and every allegation of the original complaint and her first supplemental and amending complaint.

59.

The supplemental jurisdiction of the Court is invoked for all claims under state law.

60.

At all times described herein, the Defendants, individually and collectively acted negligently, with negligence, gross negligence and/or intentionally by failing to provide a safe working place for the Plaintiff thereby inflicting severe physical injury and severe physical, mental and emotional pain and suffering upon her, in violation of Louisiana constitutional and statutory law.

61.

The actions and inactions of the Defendants caused the injuries and damages sustained by the Plaintiff. At all pertinent and material times the Defendants, Ruiz, Andrews and Rubio were employees of the Defendant Gusman, in his official capacity. The Defendant Gusman, in his official capacity, is vicariously liable the Plaintiffs injuries and damages incurred as a direct result of the actions and inaction of his employees, the Defendants Ruiz, Andrews and Rubio.

62.

All Defendants named herein are liable for the wrongs complained of by virtue by their

failure to properly administer, organize and staff the OJC and/or OPP and for the failure to properly discipline and supervise persons under their supervision and control and these omissions contributed and resulted in the injuries and damages sustained by the Plaintiff herein.

63.

The Defendants are liable individually and jointly (in solido) for there actions and the injuries and damages sustained by the Plaintiff herein.

64.

The Plaintiff futher alleges that the above-described actions, inactions and omissions were the proximate cause and cause in fact of the Plaintiffs injuries and damages sustained herein.

. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff HEATHER DIODENE requests this Honorable Court to grant the following relief, jointly and severally, against all Defendants:

A. Declaratory judgment that the Defendants' actions violated Plaintiff's rightsas secured by 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and applicable federal law;

B. Compensatory damages for violation of Plaintiff's rights in accordance with the Constitution and federal law;

C. Compensatory damages for any and all incurred expenses, including medicalexpenses;

D. Damages for her physical pain and suffering as a result of injuries suffered due to Defendants' actions and inactions;

E. Damages for her mental and emotional distress;

F. Damages for her lost wages;

G. Punitive damages against all Defendants in their individual capacities;

H.  Costs and attorneys fees; and

I.  Any and all further relief that this Honorable Court may deem just and proper.

                Respectfully submitted:

                **THE LAW OFFICE OF JOHN J. FINCKBEINER, JR**.

                **/s/ John J. Finckbeiner, Jr.**
JOHN J. FINCKBEINER, JR. (# 18211)
2203 Pakenham Drive
Chalmette, LA  70043
Telephone: (504) 279-5177
Facsimile: (504) 279-5375
E-mail:John@jfjustice.com
       rearly@jfjustice.com

## CERTIFICATE OF SERVICE

I hereby certify than on the   5th   day of  May, 2022 I electronically filed the foregoing *Plaintiff's First Supplemental and Amending Complaint* with the Clerk of Court, using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are participants in this matter.

                **/s/ John J. Finckbeiner, Jr.**
                **John J. Finckbeiner, Jr.**