UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEATHER DIODENE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-491** |
| **MARLIN N. GUSMAN, ET AL** | **SECTION: P (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Continue Trial Date and Pre-Trial Deadlines filed by defendants, Marlin N. Gusman, in his capacity as former Orleans Parish Sheriff, Susan Hutson, in her capacity as Orleans Parish Sheriff, Captain Chaz Ruiz, Deputy Justin Andrews, and Sergeant Chris Rubio ("the sheriff defendants").[1] The motion is opposed by plaintiff Heather Diodene ("plaintiff").[2] For all the reasons that follow, the motion is **DENIED**.

## BACKGROUND

Over three years ago, on March 9, 2021, plaintiff filed this lawsuit seeking damages for alleged injuries she contends she sustained after being attacked by an inmate while she was working as a licensed practical nurse in Orleans Parish Prison.[3] The matter was initially assigned to Judge Greg Guidry in Section T of this Court, who entered a Scheduling Order on November 4, 2021, setting this matter for a bench trial on June 6, 2022.[4] On plaintiffs' unopposed motion,[5] on March 21, 2022, Judge Guidry continued the June 6, 2022 trial date, and the case was set for trial on December 5, 2022. On August 4, 2022, the parties jointly moved to continue the December 5, 2022 trial,[6] and the matter was then set for trial on May 15, 2023.[7] On January 5, 2023, the parties

---

[1] R. Doc. 153.
[2] R. Doc. 154.
[3] R. Doc. 1.
[4] R. Doc. 31.
[5] R. Doc. 33.
[6] R. Doc. 54.
[7] R. Doc. 61.

again jointly moved to continue the trial of this action,[8] and the case was thereafter scheduled for its *fourth* trial setting, October 16, 2023.[9] In his January 6, 2023 Order continuing this action's third setting, Judge Guidry stated, in underlined text, "No Further Continuances will be granted."[10]

On June 9, 2023, this action was transferred from Section T to Section P,[11] and three days later, on June 12, 2023, the parties jointly sought to continue the October 16, 2023 trial,[12] which the undersigned denied, finding no good cause to continue the trial.[13] The Court, however, extended the pretrial deadlines to give the parties additional time to prepare the case for the October 16, 2023 trial.[14]

On August 30, 2023, the parties jointly moved to continue the October 16, 2023 trial due to the alleged need to join a new defendant, ProAssurance Specialty Insurance Company ("ProAssurance").[15] The Court granted the motion, thereby continuing this action's fourth setting.[16] Three months later, on December 4, 2023, and nearly eighteen months after the June 6, 2022 date that had been selected for the first scheduled trial of this action, the case was set for its *fifth* and current trial setting, August 26, 2024.[17] On January 18, 2024, the sheriff defendants, without making any representation that new counsel could cause a delay in these proceedings, sought leave to substitute its counsel,[18] which the Court granted.[19] On March 2, 2024, the sheriff

---

[8] R. Doc. 78.
[9] R. Doc. 81.
[10] R. Doc. 79.
[11] R. Doc. 87.
[12] R. Doc. 88.
[13] R. Doc. 89.
[14] *Id*.
[15] R. Doc. 120.
[16] R. Doc. 124.
[17] R. Doc. 136.
[18] R. Doc. 140.
[19] R. Doc. 142.

defendants filed this motion, seeking to continue the August 26, 2024 trial date and to reset all pre-trial deadlines, including those that had already passed.[20]

## LAW AND ANALYSIS

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent."[21] The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[22] The decision of whether to grant or deny a continuance is within the sound discretion of the trial court,[23] and a district court must consider four factors when deciding if a scheduling order should be modified: (1) the explanation of the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.[24]

The sheriff defendants' stated basis for the trial continuance and extension of deadlines is a simple one. The sheriff defendants, citing the January 22, 2024 enrollment of their present counsel, seek "additional time to adequately prepare for the defense of this matter," including an asserted need "to add additional experts for the defendants" and because the discovery that needs to be completed "is extensive, given the facts of this case."[25] They contend "rescheduling of previous and present pre-trial deadlines and the rescheduling of the trial date in this matter," given "the extensive medical treatment that the plaintiff has undergone and the discovery necessary to

---

[20] R. Doc. 153.
[21] Fed. R. Civ. P. 16(b)(4).
[22] *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted).
[23] *U.S. v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996); *Aetna Cas. & Sur. Co. v. S/S Green Bay,* 307 F. Supp. 72, 74 (E.D. La. 1969).
[24] *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015).
[25] R. Doc. 153-1 at 1.

adequately prepare this matter," requires a continuance, and additional discovery "may place this case in a posture to possibly settle."[26]

In objecting to the motion, plaintiff contends the sheriff defendants failed to address the relevant factors for a good cause analysis under applicable law, arguing the sheriff defendants offer no explanation why the necessary experts have not been retained over the preceding three years and why counsel for the sheriff defendants would be unable to become familiar with the facts and evidence in this case over the several months between now and trial.[27] Plaintiff further contends she timely provided three expert reports to the defendants in compliance with the requirements of Rule 26, while defendants have supplied only one expert report that plaintiff contends does not comply with the requirements of Rule 26, and that having been advised of the deficiency, defendants have failed to correct this deficiency.[28] Plaintiff notes that over the course of this litigation, she has taken ten depositions, compared to two by the defendants, and that she has been forced to file two motions to compel, and she has been awarded attorney's fees in this action because the sheriff defendants failed to comply with their discovery obligations.[29]

Before addressing the plaintiff's objections in light of the relevant Fifth Circuit factors, the Court notes, as an initial matter, the sheriff defendants' current counsel enrolled in an action that: (1) had been pending for nearly three years; (2) had already been set for trial *five times*, including a statement in an Order signed a year earlier by one federal trial judge that *no further continuances would be granted*; and (3) in which the undersigned trial judge, after this action had been transferred to his section, denied a *joint* motion *by all parties* to continue the trial seven months

---

[26] *Id*. at 2.
[27] R. Doc. 154 at 3.
[28] *Id*. at 2.
[29] *Id*.

before the sheriff defendants' current counsel enrolled.[30]  Counsel for the sheriff defendants, who argue they need more time to add additional expert witnesses, waited two months after enrolling, and indeed after the passage of the January 31, 2024 deadline for defendants to provide expert reports, before filing this motion on March 2, 2024.  They then allowed it to be set for submission on March 20, 2024, two days after the parties' March 18, 2024 deadline for completion of all discovery, without seeking expedited consideration to obtain a ruling in advance of the discovery deadline.

Turning to the relevant legal factors, the Court finds, first, that the sheriff defendants have failed to offer a satisfactory explanation for their failure to comply with the *fifth* scheduling order in this case.  Second, the modification the sheriff defendants seek—a sixth trial setting along with forgiveness of lapsed deadlines and extension of pending deadlines in a case that has been pending for over three years—may be important due to the sheriff defendants' apparent failure to use the last three years to effectively prepare for trial. But, the sheriff defendants have failed to articulate what specific discovery is necessary, how long the discovery will take, or what additional experts are needed and for what specific reasons. Indeed, the sheriff defendants' memorandum in support of their motion is only two pages long. Turning to the third factor, it is clear to the Court that plaintiff, who contends she has done the necessary pretrial work and will be ready to try her case as scheduled, will certainly be prejudiced by a continuance that effectively gives the sheriff defendants a "do-over" and will increase the burden and expense on the plaintiff in responding to work that should have been done already and for which the sheriff defendants offer no good explanation as to why it has not been done by now.  Moreover, it is very troubling to the Court

---

[30] The Court further notes that while ProAssurance Specialty Insurance Company—a party joined in this action in December 2023, roughly a month before enrollment of current counsel for the sheriff defendants—did not object to the sheriff defendants' motion, ProAssurance is not seeking a continuance.

that the potential opportunity to ameliorate prejudice to the plaintiff was lost as a result of the sheriff defendants' failure to file this motion sooner, indeed before plaintiff's expert report deadline. This factor, like the preceding two factors, falls in plaintiff's favor and against the granting of a continuance. Turning to the fourth factor, it too weighs against granting a continuance because the availability of a continuance does not cure the prejudice of additional expense and work the plaintiff would incur in responding to the sheriff defendants' second (or sixth) bite at the apple. Therefore, after considering the relevant factors, the Court finds the sheriff defendants have failed to meet their burden and have failed to establish good cause exists to continue the August 26, 2024 trial or to otherwise modify the scheduling order in this action.

## CONCLUSION

Thus, for all the foregoing reasons, **IT IS ORDERED** the Motion to Continue Trial Date and Pre-Trial Deadlines (R. Doc. 153) is **DENIED**.

New Orleans, Louisiana, this 20th day of March 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**