UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEATHER DIODENE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-491** |
| **MARLIN N. GUSMAN, ET AL.** | **SECTION: "P" (3)** |

### ORDER AND REASONS

Before the Court are: (1) the *Daubert* Motion to Exclude the Testimony and Report of Mary L. Livers (R. Doc. 164) filed by Plaintiff Heather Diodene; and (2) the Motion to Exclude Portions of the Opinions Offered by Plaintiff's Proposed Expert, Roy Timothy Gravette (R. Doc. 165) filed by Defendants, Marlin N. Gusman, in his official capacity as former Orleans Parish Sheriff, Susan Hutson, in her capacity as Orleans Parish Sheriff, Chad Ruiz, Justin Andrews, and Chris Rubio (collectively, "OPSO Defendants"). Both motions are opposed.[1] Having considered the motions, the parties' memoranda, the record, and the applicable law, the Court resolves the motions as set forth herein.

**I.    BACKGROUND**

Diodene instituted this action seeking damages for injuries she sustained after she was attacked by an inmate at the Orleans Parish Prison ("OPP") in March of 2020.[2] At the time of the incident, Diodene was employed by Wellpath, LLC ("Wellpath") as a licensed practical nurse ("LPN"). Pursuant to a contract between Wellpath and the Orleans Parish Sheriff's Office ("OPSO"), Wellpath provided health care services to inmates and detainees in OPSO custody at various detention centers in the New Orleans area. Diodene alleges that on March 10, 2020, she was performing her job duties as an LPN in the OPP's intake processing center when an inmate

---

[1] R. Doc. 176 (OPSO Defendants' Opposition to Plaintiff's Motion); R. Doc. 175 (Plaintiff's Opposition to OPSO Defendants' Motion).
[2] R. Doc. 1.

impermissibly entered the restricted area designated for medical staff only and violently attacked her. Diodene further alleges that as a result of the attack, she suffered physical injuries (including severe injuries to her neck and back), emotional distress, pain and suffering, and lost wages. Diodene alleges the OPSO Defendants are liable to her for various federal constitutional violations, breach of contract, and for their negligence, gross negligence, and intentional failure to provide a safe place to work.[3]

This case is set to be tried as a bench trial before the undersigned District Judge. All parties intend to present expert witnesses at trial and have exchanged the reports of their proposed experts. Diodene now seeks to exclude from trial all testimony and the report of the OPSO Defendants' proposed expert, Mary L. Livers.[4] And the OPSO Defendants seek to exclude from trial portions of the opinions offered by Diodene's proposed expert, Roy Timothy Gravette.[5] The Court considers the motions in turn below.

## II.    Diodene's Motion to Exclude Mary L. Livers

Diodene moves the Court to exclude the testimony and report of Mary L. Livers for three separate reasons. First, Diodene argues Livers's expert disclosures do not comply with Federal Rule of Civil Procedure 26(a)(2)(B). Second, Diodene argues any testimony Livers might provide at trial cannot satisfy the requirements of *Daubert* or Federal Rule of Evidence 702. And third, Diodene argues Livers had an undue advantage in preparing her report because she was given the opportunity to conduct an inspection of the inmate processing center ("IPC") at the OPP, meanwhile Diodene's expert was denied the right to an inspection on the basis that an inspection posed a security risk.

---

[3] *See* R. Doc. 1 (Complaint); R. Doc. 21 (First Supplemental and Amended Complaint); R. Doc. 46 (Second Supplemental and Amended Complaint).
[4] R. Doc. 164.
[5] R. Doc. 165.

2

As to Diodene's argument that Livers should be excluded from providing expert testimony because she had an undue advantage, the Court is not persuaded. In their opposition memorandum, the OPSO Defendants insist that it is incorrect that Diodene and her expert were not allowed to inspect the IPC. The OPSO Defendants contend Diodene and her expert were granted permission to inspect the IPC subject to the condition that no photographs and videos would be permitted, and, according to the OPSO Defendants, Diodene's expert chose not to inspect the IPC. Thus, because Diodene's expert was provided the opportunity to inspect the IPC in the same manner as Livers, the OPSO Defendants argue there was no undue advantage given to Livers. Diodene did not respond to the OPSO Defendants' argument. The record before the Court on this issue consists of nothing more than the contradictory assertions of counsel. Without more, the Court cannot find that Livers received an undue advantage such that the relief Diodene seeks—complete exclusion of Livers's report and testimony in this matter—is appropriate.

As to Diodene's argument that Livers's testimony must be excluded from trial because she cannot satisfy the requirements of Federal Rule of Evidence 702 and *Daubert*, the Court likewise rejects this argument. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.[6]

And in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held that Rule 702 requires the district court to act as a gatekeeper to ensure that any expert testimony presented is

---

[6] FED. R. EVID. 702.

both reliable and relevant.[7] But courts have recognized that, in the context of a bench trial, the Court's gatekeeping obligation is less important because the gatekeeper and trier of fact are the same.[8]

Here, Diodene challenges the admissibility of Livers's testimony on the basis that her report fails to provide the reasoning and methodology underlying her anticipated testimony. But, upon review of Livers's report, it is clear to the Court that her anticipated testimony is based on her experience and specialized knowledge from her "over 40 years . . . in full time service as a corrections administrator of prisons, jails, community corrections, and juvenile corrections across four different states."[9] Any concerns Diodene has with Livers's experience or its adequacy to serve as the basis of the testimony Livers will offer in this case may be addressed during cross-examination; and Diodene remains free to present contrary evidence as a means of attacking Livers's testimony.[10] If, after presentation of all the evidence, the Court finds Livers's expert opinions to be unreliable, the Court can, and will, exclude her opinions from its consideration.[11]

Lastly, as to Diodene's argument that Livers should be precluded from testifying in this matter because her expert disclosures do not comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), the Court denies this request without prejudice, reserving Diodene's right to re-urge its motion if the OPSO Defendants fail to comply with the Court's orders set forth

---

[7] 509 U.S. 579, 589 (1993).
[8] *See, e.g.*, *Atlantic Specialty Ins. Co. v. Porter, Inc.*, No. 15-570, 2016 WL 6569346, at *3 (E.D. La. Nov. 4, 2016); *see also Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) ("Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury.").
[9] R. Doc. 164-2.
[10] *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").
[11] *See Gov. of Canal Zone v. Jimenez G.*, 580 F.2d 897, 898 (5th Cir. 1978) (quoting *United States v. Masri*, 547 F.2d 932, 936 (5th Cir. 1977)) ("A judge, sitting as trier of fact, is presumed to . . . rest[] his verdict only on the admissible evidence before him and to . . . disregard[] that which is inadmissible."); *see also Rash v. Lafayette Cnty.*, No. 20-CV-224, 2022 WL 983645, at *1 (N.D. Miss. Mar. 30, 2022) (internal quotations and citations omitted) (collecting cases) ("The courts in the Fifth Circuit have consistently held that a motion in limine serves no real purpose in a bench trial since the court can and does readily exclude from its consideration inappropriate evidence of whatever ilk.").

herein. Diodene contends Livers should be excluded from providing expert testimony at trial because her expert report failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), which requires a witness who is retained or specially employed to provide expert testimony in a case to prepare a report that contains:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.[12]

Diodene specifically argues that Livers's report fails to comply with the requirement to include "the witness's qualifications, including a list of all publications authored in the previous 10 years,"[13] and the requirement to include "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."[14] Diodene contends these deficiencies were reported to counsel for the OPSO Defendants and that counsel chose not to cure them.[15] And Diodene avers that without this required information, her counsel has limited ability to cross-examine Livers on her previous testimony or on the substance of any previous publications she has authored.[16] The OPSO Defendants do not provide any explanation for their failure to provide this information with the other portions of Livers's report, but they do contend that Livers's testimony is critical to their case and should not be excluded based on this technical failure. The Court nevertheless recognizes the prejudice Diodene could face if Livers is permitted

---

[12] FED. R. CIV. P. 26(a)(2)(B).
[13] FED. R. CIV. P. 26(a)(2)(B)(iv).
[14] FED. R. CIV. P. 26(a)(2)(B)(v).
[15] R. Doc. 164-1 at 3.
[16] R. Doc. 164-1 at 4.

5

to testify and Diodene lacks sufficient information to challenge her testimony on cross-examination. But, because this prejudice can be cured if Diodene is provided the missing information, the Court will not exclude Livers's testimony at this time. Instead, the Court issues the following orders. Within 14 days of the date of this Order, the OPSO Defendants must supplement Livers's report by providing to Diodene the components previously missing, i.e., "the witness's qualifications, including a list of all publications authored in the previous 10 years,"[17] and "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."[18] If the witness has not authored any publications in the previous 10 years and/or has not testified as an expert at trial or by deposition in any case during the previous 4 years, the OPSO Defendants must provide a statement, signed by the witness, attesting such. *The OPSO Defendants are cautioned that failure to supplement the report or to provide the statement within 14 days of the date of this Order could result in Livers's testimony being excluded from trial.* If after 14 days from the date of this Order the OPSO Defendants have not provided the required supplementation or statement, Diodene may file a motion, re-urging her request to exclude Livers's testimony from trial on this basis.

### III.    OPSO Defendants' Motion to Exclude Portions of the Opinions Offered by Roy Timothy Gravette

The OPSO Defendants move the Court to preclude Roy Timothy Gravette from offering certain testimony at trial based upon statements he made during his deposition. First, the OPSO Defendants argue Gravette should not be allowed to testify regarding "any type of chokehold" because "he concedes that he is not familiar with the terminology for chokeholds."[19] And second, they argue Gravette should not be allowed to "provide his position on the concept of deliberate

---

[17] FED. R. CIV. P. 26(a)(2)(B)(iv).
[18] FED. R. CIV. P. 26(a)(2)(B)(v).
[19] R. Doc. 165-1 at 3.

indifference" because to do so would be an "attempt[] to explain a legal term of art that he is not qualified to discuss."[20] In support of their motion, the OPSO Defendants include only the portions of the deposition they contend support their argument. But the OPSO Defendants fail to explain how these statements offered by Gravette during his deposition fit into the larger context of the opinions he has offered in this case or his anticipated testimony at trial. Without this information, the Court cannot determine whether Gravette should be excluded from testifying in the broad manner the OPSO Defendants seek.

For example, while the OPSO Defendants seek to exclude Gravette from testifying regarding "*any* type of chokehold" because he admitted he is not familiar with the terminology describing different types of chokeholds, the Court cannot determine to what extent Gravette's opinions in this matter require him to have knowledge of the terminology used to describe different types of chokeholds as opposed to what a chokehold is generally. Indeed, the Court is unaware of any opinion Gravette has rendered in this matter; and even if the Court wanted to glean this information for itself so that it could make the necessary determination, it does not have the resources to do so, as neither Gravette's expert report nor any other portions of his deposition testimony that might reveal additional context were included with the OPSO Defendants' motion.

In effect, the OPSO Defendants have asked the Court to make broad exclusions in a vacuum. The Court is unwilling to do so. The OPSO Defendants' motion is therefore denied based on the showing presently made, but the Court fully reserves the OPSO Defendants' right to object and re-urge these issues at trial, at which time the Court will be able to make the determination with the proper context.

---

[20] R. Doc. 165-1 at 5.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Heather Diodene's *Daubert* Motion to Exclude the Testimony and Report of Mary L. Livers (R. Doc. 164) is **DENIED**.

**IT IS FURTHER ORDERED** that within 14 days of the date of this Order, the OPSO Defendants must supplement Livers's report by providing to Diodene the components previously missing, i.e., "the witness's qualifications, including a list of all publications authored in the previous 10 years," and "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."  If the witness has not authored any publications in the previous 10 years and/or has not testified as an expert at trial or by deposition in any case during the previous 4 years, the OPSO Defendants must provide a statement, signed by the witness, attesting such.  If after 14 days from the date of this Order the OPSO Defendants have not provided the required supplementation or statement, Diodene may file a motion, re-urging her request to exclude Livers's testimony from trial on this basis.

**IT IS FURTHER ORDERED** that the OPSO Defendants' Motion to Exclude Portions of the Opinions Offered by Plaintiff's Proposed Expert, Roy Timothy Gravette (R. Doc. 165) is **DENIED**.

New Orleans, Louisiana, this 27th day of March 2025.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**